**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NEWCAL INDUSTRIES, INC., ET AL,

      Plaintiffs,

    v.

IKON OFFICE SOLUTIONS, INC., ET AL,

      Defendants.

GLOBAL SERVICES, LLC, ET AL.,

      Plaintiffs,

    v.

IKON OFFICE SOLUTIONS, INC., ET AL.,

      Defendants.

No. C 04-02776 JSW

Related Case

No. C 10-5974 JSW

**ORDER REGARDING MOTIONS TO DISMISS; CONTINUING CASE MANAGEMENT CONFERENCE**

Defendants' motions to dismiss are set for hearing on May 20, 2011.  The matters are now fully briefed and ripe for consideration.  The Court finds that the matters are appropriate for disposition without oral argument and are deemed submitted.  *See* Civ. L.R. 7-19(b).  Accordingly, the hearing set for May 20, 2011, is HEREBY VACATED.

Defendants' objections to the Hennefer Declaration are overruled as moot on the ground that the Court did not rely on the material to which Defendants object (C04-2776, doc. no. 123).

**BACKGROUND**

**I.    NEWCAL ACTION**

Plaintiffs Newcal Industries, Inc., CPO, Ltd., Pinnacle Document Systems, Inc., Pacific Office Automation, Inc., and Kearns Business Solutions, Inc. (collectively "Newcal Plaintiffs") filed their Complaint in this matter in July 2004. The district court dismissed the complaint with prejudice by order filed on May 16, 2005. Upon Plaintiffs' appeal of the dismissal, the Ninth Circuit reversed and remanded the action. *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038 (9th Cir. 2008). Defendants petitioned the Supreme Court for a writ of certiorari. The petition was denied, and the Ninth Circuit issued its mandate on June 23, 2009. The case was reassigned to this Court on January 3, 2011.

Newcal Plaintiffs' First Amended Complaint ("Newcal FAC") alleges fraudulent and anticompetitive business practices by IKON Office Solutions, Inc. ("IKON") IKON, by General Electric Capital Corporation ("GECC") and by IKON's former 100% owned subsidiary, IOS Capital, LLC ("IOS Capital"), which was acquired by GE in March 2004. The FAC alleges that IKON and GE lease copier equipment to customers on a "cost per copy" basis bundling equipment, service, and supplies, for a lease term of five years. (Newcal FAC ¶ 4.) The FAC alleges that Defendants fraudulently obtained one or more "amendments" or "addenda" to the IKON Contracts to extend the lease term and number of payments, preventing customers from seeking competitive alternatives after expiration of the five-year lease. (Newcal FAC ¶¶ 1, 4-14.) Newcal Plaintiffs challenge Defendants' "flexing" practice to extend office equipment leases without the customer's knowledge. (Newcal FAC ¶¶ 73-82.)

Defendants IKON and GECC move pursuant to Rule 12(b)(6) for dismissal of the Eighth Claim for Relief for alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., in the First Amended Complaint filed by Newcal Plaintiffs.

**II.   GLOBAL SERVICES ACTION**

On December 30, 2010 Plaintiffs Global Services, LLC, Simile Imaging Solutions, Wood Business Systems, New England Copy Specialists, Inc., Ray Morgan Company, Documation of Austin, Inc., Documation of East Texas, Inc., Documation of North Texas, Inc., Documation of San

2

Antonio, Inc., Copytex, Inc., ASI Business Solutions, Ltd., and Metro Sales Inc. (collectively, "Global Services Plaintiffs") filed a complaint challenging Defendants' flexing practice and alleging claims under the Sherman Act, 15 U.S.C. §§ 1 and 2; Lanham Act, 15 U.S.C. § 1125(a)(1)(B); RICO; for declaratory relief; and for tortious interference with business relations ("Global Services Compl."). Plaintiffs allege that the fraudulent "flexing" practice continued even after IKON and GE amended their "flex" forms in 2004, 2006, and 2009. (Global Services Compl. ¶¶ 58, 68, 102.)

Defendants move for dismissal of the Global Services Complaint pursuant to Rule 12(b)(6).

## ANALYSIS

### I. LEGAL STANDARD

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). The Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when the authenticity of those documents is not questioned, and other matters of which the Court can take judicial notice. *Zucco Partners LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009).

Rule 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Even under the liberal pleading standard of Rule 8(a), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . When a complaint pleads facts that are merely consistent with a defendant's liability,

3

it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556-57) (internal quotation marks omitted).

## II. NEWCAL PLAINTIFFS' RICO CLAIM

### A. INJURY REQUIREMENT

In the order reversing dismissal of the Newcal Complaint, the Ninth Circuit held that "an injury is compensable under RICO if the injury constitutes 'harm to a specific business or property interest' and if the alleged business or property interest is cognizable under state law." *Newcal*, 513 F.3d at 1055 (citing *Diaz v. Gates*, 420 F.3d 897, 900 (9th Cir. 2005) (en banc)). The court of appeals remanded the RICO claim for reconsideration of the compensable injury requirement under *Diaz*. *Id*.

To show compensable injury, Plaintiffs allege that because of Defendants' RICO scheme, they were foreclosed from competing for specified accounts with IKON and GE customers with flexed IKON contracts and were thereby injured in their businesses and property. (Newcal FAC ¶¶ 24, 159-62.) In *Diaz*, the Ninth Circuit recognized that "California law protects the legal entitlement to both current and prospective contractual relations." 420 F.3d at 900.

Defendants contend that Plaintiffs allege only a speculative, not concrete, financial loss which does not constitute a RICO injury. (Doc. no. 123 at 1-3.) At the pleading stage, Plaintiffs are not required to show that they would have obtained specific accounts to satisfy the injury requirement. (*See* doc. no. 111 at 3.) *Diaz* noted that "[t]here may be a practical difference between current and future employment for purposes of RICO - for instance, it may be easier to prove causation or determine damages for a plaintiff who has lost current employment - but this difference is not relevant to whether there was an injury to 'business or property.'" *Diaz*, 420 F.3d at 900-01. Plaintiffs allege that they made buy-out payments, which are sufficient at the pleading stage to allege concrete financial loss. (Newcal FAC ¶¶ 159, 161.) *See Canyon County v. Syngenta Seeds, Inc.*, 519 F.3d 969, 975 (9th Cir. 2008).

### B. PROXIMATE CAUSATION REQUIREMENT

In the order remanding this action, the Ninth Circuit held that the "proximate cause" requirement for RICO could not be resolved "on a Rule 12(b)(6) motion in this case." *Newcal*, 513 F.3d at 1055. Defendants fail to demonstrate that the legal standard for proximate causation under RICO has changed since the Ninth Circuit remanded this action. Defendants cite "subsequent factual development" with respect to the existence of other lawsuits by IKON customers that is not the proper subject of a motion to dismiss pursuant to Rule 12(b)(6). *Id*. Under the law of the case, the Court denies Defendants' motion to dismiss the RICO claim for failure to allege proximate causation.

## III. GLOBAL SERVICES CLAIMS

### A. STATUTE OF LIMITATIONS

#### 1. ANTITRUST AND RICO CLAIMS

The parties agree that the applicable statute of limitations for a civil claim under RICO and civil antitrust claims is four years. 15 U.S.C. § 15b; *Agency Holding Corp. v. Malley-Duff*, 483 U.S. 143, 152 (1987). Defendants contend that Plaintiffs' antitrust and RICO claims are time-barred because Plaintiffs have known of the alleged flexing practices much earlier than December 30, 2006, or four years before the Global Services Complaint was filed.

For antitrust claims brought by competitors, the statute of limitations begins to run "at each time the plaintiff's interest is invaded to his damage." *Hennegan v. Pacifico Creative Service, Inc.*, 787 F.2d 1299, 1300 (9th Cir. 1986) (citation and quotation marks omitted). "When an overt act in furtherance of an antitrust conspiracy damages the plaintiff within the limitations period, the plaintiff possesses a cause of action for that damage that is not barred by the statute of limitations." *Id*.

Considered in the light most favorable to Global Services Plaintiffs, the allegations of the Global Services Complaint concerning "flexed" lease payments to IKON and GE which exclude Plaintiffs from the aftermarket for those customers are sufficient to allege continuing violations. (Global Services Compl. ¶¶ 16-17, 67-68, 74, 113-14.) Plaintiffs may therefore recover damages for

antitrust injuries caused by the alleged overt acts within the limitations period. *Hennegan*, 787 F.2d at 1300-01.

With respect to civil RICO claims, the Ninth Circuit has held that the "injury discovery" rule determines when a RICO claim accrues. *Grimmett v. Brown*, 75 F.3d 506, 511 (9th Cir. 1996). There are two components to the "injury discovery" rule. "First, the civil RICO limitations period begins to run when a plaintiff knows or should know of the injury that underlies his cause of action." *Id.* at 510 (citations omitted). While a plaintiff's actual knowledge of the injury will start the limitations period, a plaintiff's constructive knowledge will as well, if he has "enough information to warrant an investigation that, if reasonably diligent, would have led to discovery of fraud." *Beneficial Standard Life Ins. v. Madariaga*, 851 F.2d 271, 275 (9th Cir. 1998). Notably, "[t]he plaintiff need not discover that the injury is part of a 'pattern of racketeering' for the period to begin to run." *Grimmett*, 75 F.3d at 511 (citation omitted). "The second part of the 'injury discovery rule' is the 'separate accrual rule,' which provides that a new cause of action accrues for each new and independent injury, even if the RICO violation causing the injury happened more than four years before." *Id.* (citation omitted). Global Services Plaintiffs' allegations of repeated acts of flexing customer leases are sufficient to allege "new and independent" RICO injuries within the limitations period.

With respect to the question whether Plaintiffs may recover damages for injuries incurred prior to December 30, 2006, the "statute of limitations for a cause of action is tolled if the plaintiff proves that the defendant fraudulently concealed the existence of the cause of action so that the plaintiff, acting as a reasonable person, did not know of its existence." *Hennegan*, 787 F.2d at 1302. Global Services Plaintiffs allege that Defendants actively concealed the flexing practice from customers (*see* Global Services Compl. ¶¶ 86-93), but do not sufficiently allege that the flexing practice was fraudulently concealed from its competitors so as to toll the statute of limitations under the equitable doctrine of fraudulent concealment. *See Hennegan*, 787 F.2d at 1302. Global Services Plaintiffs' claims for antitrust or RICO damages incurred prior to December 30, 2006, are therefore dismissed with leave to amend.

6

### 2. LANHAM ACT CLAIMS

The parties do not dispute that claims under the Lanham Act are subject to a three-year limitations period. Cal. Civ. Proc. Code § 338(d); *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 836 (9th Cir. 2002). As the Ninth Circuit recognized in *Jarrow Formulas*, "[f]or many Lanham Act claims, the alleged violations are ongoing, i.e., the wrongful acts occurred both within and without the limitations period." *Id*. at 837. Because Global Services Plaintiffs sufficiently allege that Defendants' "flexing" practices are ongoing, "the statute of limitations is conceivably only a bar to monetary relief for the period outside the statute of limitations; the plaintiff is free to pursue monetary and equitable relief for the time within the limitations period." *Id*. Defendants' motion to dismiss the Lanham Act claims as time-barred is therefore denied.

### 3. DECLARATORY RELIEF CLAIM

Defendants contend that Global Services Plaintiffs' claim for declaratory relief is time-barred to the same extent that their analogous damages claims would be barred. Having determined that the antitrust, RICO and Lanham Act claims are not time-barred, the Court denies Defendants' motion to dismiss the declaratory relief claim as time-barred. *See Levald v. City of Palm Desert*, 998 F.2d 680, 688-89 (9th Cir. 1993) ("if a claim for declaratory relief could have been resolved through another form of action which has a specific limitations period, the specific period of time will govern") (citation and quotation marks omitted).

### 4. TORTIOUS INTERFERENCE CLAIM

Defendants contend that the claim for tortious interference with prospective business relations is barred by the two-year statute of limitations under section 339 of the California Code of Civil Procedure. Global Services Plaintiffs' allegations of wrongful acts after December 30, 2009 fall within the limitations period and are not time-barred. With respect to claims for injuries outside the limitations period, however, Global Services Plaintiffs do not sufficiently allege their "inability to have made earlier discovery despite reasonable diligence" to delay accrual of the tortious interference claim. *Hopkins v. Dow Corning Corp.*, 33 F.3d 1116, 1120 (9th Cir. 1994) (recognizing "delayed discovery" rule under California law). Because amendment does not appear to be futile,

7

Global Services Plaintiffs are granted leave to amend the allegations to support tolling under the delayed discovery doctrine.

### B. AMENDMENTS TO FLEX FORMS

Global Services Plaintiffs allege that the "flex" forms were amended in 2004 and 2006 to include language extending the term of the agreement that was "buried in small type." (*See* Global Services Compl. ¶ 85 ("the current terms of the Agreement is extended for ___ months ("Extension Period") from the current expiration date").) Defendants contend that the antitrust claims therefore should be dismissed because the flex contracts unambiguously disclose the aftermarket restriction and customers knowingly agreed to the restriction at issue. *See Newcal*, 513 F.3d at 1048 ("the law prohibits an antitrust claimant from resting on market *power* that arises solely from contractual rights that consumers knowingly and voluntarily gave to the defendant").

Global Services Plaintiffs argue that the amended "flex" forms were ambiguous by, among other things, not filling in the number of months of extension until after the customer had signed the amendment. (Global Services Compl. ¶ 85.) Global Services Plaintiffs further contend that pre-2004 amendment forms were in use until as recently as 2010, raising factual issues as to whether all the flex agreements or amendments at issue contained the disclosure. (Opp. to Mot. to Dismiss Global Services Compl. at 17.) Construed in the light most favorable to the plaintiffs, the allegations are sufficient to raise factual questions as to whether an aftermarket for replacement equipment, lease buy-outs and lease-end services and a submarket for IKON customers existed, whether IKON had market power in the alleged submarket, and whether "IKON customers make a knowing choice to restrict their aftermarket options when they decide in the initial (competitive) market to enter an IKON contract." *Newcal*, 513 F.3d at 1050-51.

### C. SUFFICIENCY OF CLAIMS

Defendants' motion to dismiss the RICO claims in the *Global Services* action is denied for the reasons set forth above in denying the motion to dismiss the RICO claim in the *Newcal* action.

Defendants contend that the declaratory relief claim in *Global Services* should be dismissed for the reasons that Judge Smith dismissed the claims in *Newcal.* Defendants' motion to dismiss this

1 claim is denied on the ground that Global Services Plaintiffs's allegations support standing under the
2 Ninth Circuit's ruling in *Newcal*, 513 F.3d at 1056-57. (*See* Global Services Compl. ¶¶ 181-84.)
3 Defendants further contend that Global Services Plaintiffs fail to state a claim for tortious
4 interference with prospective business relations by failing to show that they had actual relationships
5 with IKON customers with which IKON interfered. Under California law, the elements of the tort
6 of intentional interference with prospective economic advantage are:

> (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional [wrongful] acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant.

*Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1151 (9th Cir. 2008). A claim for tortious interference requires factual allegations "either showing or allowing the inference of actual disruption to its relationship with the Customers." *Id*.

The Global Services Complaint sufficiently alleges wrongful conduct by Defendants, but makes only conclusory allegations that Defendants' interference caused "impairment of plaintiffs' relationships, advantages and expectancies." (Global Services Compl. ¶ 190.) It fails to allege, "for example, that [the plaintiffs] lost a contract nor that a negotiation with a Customer failed." *Sybersound*, 517 F.3d at 1151. The tortious interference claim is therefore dismissed with leave to amend.

**CONCLUSION**

For the reasons set forth above, Defendants' motion to dismiss the RICO claim in *Newcal* is DENIED (C04-2776, doc. no. 111) and the motion to dismiss the complaint in *Global Services* is GRANTED IN PART AND DENIED IN PART WITH LEAVE TO AMEND (C10-5974, doc. no. 24). Global Services Plaintiffs may file an amended complaint by June 24, 2011. If the parties determine that any extension of time to file amended pleadings or otherwise respond to the amended complaint is necessary, the parties shall file a stipulation establishing good cause for the extension of time.

1  The case management conference in both actions currently set for June 24, 2011, is hereby
2  continued to August 26, 2011, at 1:30 p.m.
3  **IT IS SO ORDERED.**

5  Dated: May 19, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE