BINGHAM MCCUTCHEN LLP
HOLLY A. HOUSE (SBN 136045)
holly.house@bingham.com
BRIAN C. ROCCA (SBN 221576)
brian.rocca@bingham.com
Three Embarcadero Center
San Francisco, CA  94111-4067
Telephone: 415.393.2000
GREGORY F. WELLS (SBN 212419)
gregory.wells@bingham.com
2020 K Street, NW
Washington, DC  20006-1806
Telephone: 202.373.6000

Attorneys for Defendant
IKON Office Solutions, Inc.

HENNEFER, FINLEY & WOOD, LLP
JAMES A. HENNEFER (SBN 059490)
jhennefer@hennefer-wood.com
425 California Street, 19th Floor
San Francisco, CA 94104
Telephone: 415.421.6100

Attorneys for Plaintiffs

MUNGER, TOLLES & OLSON LLP
JOSEPH D. LEE (SBN 110840)
joseph.lee@mto.com
355 South Grand Avenue. 35th Fl.
Los Angeles, CA 90071-1560
Telephone: 213.683.9100
HOJOON HWANG (SBN 184950)
hojoon.hwang@mto.com
560 Mission Street, 27th Fl.
San Francisco, CA 94105-9781
Telephone: 415.512.4000

Attorneys for Defendant
General Electric Capital Corporation

BLECHER & COLLINS, LLP
MAXWELL M. BLECHER (SBN 026202)
mblecher@blechercollins.com
DONALD PEPPERMAN (SBN 109809)
dpepperman@blechercollins.com
515 S. Figueroa, Suite 1750
Los Angeles, CA 90071
Telephone: 213.622.4222

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEWCAL INDUSTRIES, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>IKON OFFICE SOLUTIONS, INC., *et al.*,<br><br>Defendants. | Civil No. 04-2776 JSW |
| GLOBAL SERVICES, LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>IKON OFFICE SOLUTIONS, INC., *et al*,<br><br>Defendants. | Civil No. 10-5974 JSW<br><br>**[PROPOSED]** STIPULATED PROTECTIVE ORDER FOR RELATED CASES<br><br>Judge:  Hon. Jeffrey S. White |

1.   <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in the above-captioned actions are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting the litigation of these actions would be warranted. Accordingly, plaintiffs Newcal Industries, Inc., CPO, Ltd., Pinnacle Document Systems, Inc., Pacific Office Automation, Inc. and Kearns Business Solutions, Inc. (collectively the "Newcal Plaintiffs"), plaintiffs Global Services, LLC, Simile Imaging Solutions, Wood Business Systems, New England Copy Specialists, Inc., Ray Morgan Company, Documation of Austin, Inc., Documation of East Texas, Inc., Documation of North Texas, Inc., Documation of San Antonio, Inc., Copytex, Inc., and ASI Business Solutions, Ltd. (collectively, "Global Services Plaintiffs") and defendants IKON Office Solutions, Inc. ("IKON") and General Electric Capital Corporation ("GECC") d/b/a IKON Financial Services (collectively, "Defendants" and, together with Newcal Plaintiffs and Global Services Plaintiffs, the "Parties") hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to confidential treatment. The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.  This Stipulated Protective Order for Related Cases shall not be deemed an admission by any party that these matters should be consolidated for purposes of trial.

2.   <u>DEFINITIONS</u>

2.1   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designated House Counsel: House Counsel who are permitted access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in these matters.

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in these matters.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation of these matters who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in these actions, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     House Counsel: attorneys who are employees of a party to these actions. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to these actions.

1        2.11   <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to

2    these actions but are retained to represent or advise a party to these actions and have appeared in

3    these actions on behalf of that party or are affiliated with a law firm which has appeared on

4    behalf of that party.

5        2.12   <u>Party</u>: any party to these actions, including all of its officers, directors,

6    employees, consultants, retained experts, and Outside Counsel of Record (and their support

7    staffs).

8        2.13   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or

9    Discovery Material in these actions.

10        2.14   <u>Professional Vendors</u>: persons or entities that provide litigation support

11    services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

12    organizing, storing, or retrieving data in any form or medium) and their employees and

13    subcontractors.

14        2.15   <u>Protected Material</u>: any Disclosure or Discovery Material that is

15    designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

16    ONLY."

17        2.16   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material

18    from a Producing Party.

19    3.    <u>SCOPE</u>

20        The protections conferred by this Stipulation and Order cover not only Protected

21    Material (as defined above), but also (1) any information copied or extracted from Protected

22    Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any

23    testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected

24    Material. However, the protections conferred by this Stipulation and Order do not cover the

25    following information: (a) any information that is in the public domain at the time of disclosure

26    to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving

27    Party as a result of publication not involving a violation of this Order, including becoming part

28    of the public record through trial or otherwise; and (b) any information known to the Receiving

4

1   Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source

2   who obtained the information lawfully and under no obligation of confidentiality to the

3   Designating Party. Any use of Protected Material at trial shall be governed by a separate

4   agreement or order.

5       4.      <u>DURATION</u>

6           Even after final disposition of these matters, the confidentiality obligations

7   imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing

8   or a court order otherwise directs. Final disposition shall be deemed to be the later of (1)

9   dismissal of all claims and defenses in these actions, with or without prejudice; and (2) final

10  judgment in these actions after the completion and exhaustion of all appeals, rehearings,

11  remands, trials, or reviews of these actions, including the time limits for filing any motions or

12  applications for extension of time pursuant to applicable law.

13      5.      <u>DESIGNATING PROTECTED MATERIAL</u>

14          5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

15  Each Party or Non-Party that designates information or items for protection under this Order

16  must take care to limit any such designation to specific material that qualifies under the

17  appropriate standards. To the extent it is practical to do so, the Designating Party must designate

18  for protection only those parts of material, documents, items, or oral or written communications

19  that qualify – so that other portions of the material, documents, items, or communications for

20  which protection is not warranted are not swept unjustifiably within the ambit of this Order.

21          Mass, indiscriminate, or routinized designations are prohibited. The designation

22  by any Designating Party of any Disclosure or Discovery Material as "CONFIDENTIAL" or as

23  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall constitute a representation

24  that such Disclosure or Discovery Material has been reviewed by Counsel for the Designating

25  Party, or by a paralegal member of counsel's staff acting under Counsel's supervision, and that

26  there is a valid basis for such designation. Designations that are shown to be clearly unjustified

27  or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the

28  case development process or to impose unnecessary expenses and burdens on other parties)

1    expose the Designating Party to sanctions.

2           If it comes to a Designating Party's attention that information or items that it

3    designated for protection do not qualify for protection at all or do not qualify for the level of

4    protection initially asserted, that Designating Party must promptly notify all other Parties that it

5    is withdrawing the mistaken designation.

6           5.2    Manner and Timing of Designations. Except as otherwise provided in this

7    Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

8    Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

9    designated before the material is disclosed or produced.

10           Designation in conformity with this Order requires:

11           (a)    for information in documentary form (e.g., paper or electronic documents,

12    but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

13    Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

14    EYES ONLY" to each page that contains protected material. If only a portion or portions of the

15    material on a page qualifies for protection, the Producing Party also must clearly identify the

16    protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for

17    each portion, the level of protection being asserted.  Where it is not practicable for a Designating

18    Party to affix a confidentiality designation to electronic or native documents, written notification

19    by a Designating Party that it is producing Discovery Material as "CONFIDENTIAL" or

20    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall suffice to require the

21    treatment of such documents under the terms of this Protective Order.

22           A Party or Non-Party that makes original documents or materials available for

23    inspection need not designate them for protection until after the inspecting Party has indicated

24    which material it would like copied and produced. During the inspection and before the

25    designation, all of the material made available for inspection shall be deemed "HIGHLY

26    CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the

27    documents it wants copied and produced, the Producing Party must determine which documents,

28    or portions thereof, qualify for protection under this Order. Then, before producing the specified

1    documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

2    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains

3    Protected Material. If only a portion or portions of the material on a page qualifies for protection,

4    the Producing Party also must clearly identify the protected portion(s) (e.g., by making

5    appropriate markings in the margins) and must specify, for each portion, the level of protection

6    being asserted.

7           (b)    <u>for testimony given in deposition or in other pretrial or trial proceedings,</u>

8    that the Designating Party identify on the record, before the close of the deposition, hearing, or

9    other proceeding, all protected testimony and specify the level of protection being asserted.

10    When it is impractical to identify separately each portion of testimony that is entitled to

11    protection and it appears that substantial portions of the testimony may qualify for protection, the

12    Designating Party may invoke on the record (before the deposition, hearing, or other proceeding

13    is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to

14    which protection is sought and to specify the level of protection being asserted. Only those

15    portions of the testimony that are appropriately designated for protection within the 21 days shall

16    be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating

17    Party may specify, at the deposition or up to 21 days afterwards if that period is properly

18    invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY

19    CONFIDENTIAL – ATTORNEYS' EYES ONLY."

20           Parties shall give the other parties notice if they reasonably expect a deposition,

21    hearing or other proceeding to include Protected Material so that the other parties can ensure that

22    only authorized individuals who have signed the "Acknowledgment and Agreement to Be

23    Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a

24    deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY

25    CONFIDENTIAL – ATTORNEYS' EYES ONLY."

26           Transcripts containing Protected Material shall have an obvious legend on the title

27    page that the transcript contains Protected Material, and the title page shall be followed by a list

28    of all pages (including line numbers as appropriate) that have been designated as Protected

1  Material and the level of protection being asserted by the Designating Party. The Designating

2  Party shall inform the court reporter of these requirements. Any transcript that is prepared before

3  the expiration of a 21-day period for designation shall be treated during that period as if it had

4  been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety

5  unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as

6  actually designated.

7      (c)   for information produced in some form other than documentary and for

8  any other tangible items, that the Producing Party affix in a prominent place on the exterior of

9  the container or containers in which the information or item is stored the legend

10  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only

11  a portion or portions of the information or item warrant protection, the Producing Party, to the

12  extent practicable, shall identify the protected portion(s) and specify the level of protection being

13  asserted.

14      5.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent

15  failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY

16  CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not waive the Designating Party's right

17  to secure protection under this Order for such material. Upon timely correction of a designation,

18  the Receiving Party shall thereafter mark and treat materials so designated as

19  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as the

20  case may be, and such materials shall be fully subject to this Protective Order as if they had been

21  initially so designated. A person disclosing Discovery Material that is subsequently designated as

22  "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" shall

23  in good faith assist the Designating Party in retrieving such Discovery Material from all

24  recipients not entitled to receive such Discovery Material under the terms of this Protective

25  Order and prevent further disclosures except as authorized under the terms of this Protective

26  Order.

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER FOR RELATED CASES

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to

1    make such a motion including the required declaration within 21 days (or 14 days, if applicable)

2    shall automatically waive the confidentiality designation for each challenged designation. In

3    addition, the Challenging Party may file a motion challenging a confidentiality designation at

4    any time if there is good cause for doing so, including a challenge to the designation of a

5    deposition transcript or any portions thereof. Any motion brought pursuant to this provision must

6    be accompanied by a competent declaration affirming that the movant has complied with the

7    meet and confer requirements imposed by the preceding paragraph.

8          The burden of persuasion in any such challenge proceeding shall be on the

9    Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass

10    or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party

11    to sanctions. Unless the Designating Party has waived the confidentiality designation by failing

12    to file a motion to retain confidentiality as described above, all parties shall continue to afford

13    the material in question the level of protection to which it is entitled under the Producing Party's

14    designation until the court rules on the challenge.

15         7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

16          7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is

17    disclosed or produced by another Party or by a Non-Party in connection with these actions only

18    for prosecuting, defending, or attempting to settle these actions. Such Protected Material may be

19    disclosed only to the categories of persons and under the conditions described in this Order.

20    When the litigation of these actions has been terminated, a Receiving Party must comply with the

21    provisions of section 13 below (FINAL DISPOSITION).

22          Protected Material must be stored and maintained by a Receiving Party at a

23    location and in a secure manner that ensures that access is limited to the persons authorized

24    under this Order.

25          7.2    <u>Additional Parties</u>. In the event additional persons or entities become

26    Parties to these actions, none of such Parties' counsel, experts or expert consultants retained to

27    assist said counsel, shall have access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

28    ATTORNEYS' EYES ONLY" Information produced by or obtained from any Designating Party

1   until said Party has executed and filed with the Court its agreement to be fully bound by this

2   Protective Order. No "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

3   EYES ONLY" Discovery Material may be provided to such Parties' counsel, experts or expert

4   consultants unless and until such person has executed a Declaration of Compliance substantially

5   in the form attached to this Protective Order as Exhibit A, and such Declaration of Compliance

6   has been served on counsel for all Parties.

7           7.3     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

8   ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

9   disclose any information or item designated "CONFIDENTIAL" only to:

10          (a)     the Receiving Party's Outside Counsel of Record in these actions, as well

11  as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose

12  the information for the litigation of these matters and who have signed the "Acknowledgment

13  and Agreement to Be Bound" that is attached hereto as Exhibit A;

14          (b)     the officers, directors, and employees (including House Counsel) of the

15  Receiving Party to whom disclosure is reasonably necessary for the litigation of these matters

16  and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

17          (c)     Experts (as defined in this Order) of the Receiving Party to whom

18  disclosure is reasonably necessary for the litigation of these matters and who have signed the

19  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

20          (d)     the court and its personnel, including court reporters and their staff;

21          (e)     professional jury or trial consultants to whom disclosure is reasonably

22  necessary for the litigation of these matters and who have signed the "Acknowledgment and

23  Agreement to Be Bound" (Exhibit A);

24          (f)     mock jurors to whom disclosure is reasonably necessary for the litigation

25  of these matters and who have signed either the "Acknowledgment and Agreement to Be Bound"

26  (Exhibit A) or a simplified, precisely tailored Undertaking that the Parties agree in a separate

27  writing to use for mock jurors;

28

1         (g)     Professional Vendors to whom disclosure is reasonably necessary for the

2    litigation of these matters and who have signed the "Acknowledgment and Agreement to Be

3    Bound" (Exhibit A);

4         (h)     Party employees (1) who have no involvement in competitive decision-

5    making, (2) to whom disclosure is reasonably necessary for the purposes of collecting,

6    producing, scanning, imaging, or databasing Discovery Material for the litigation of these

7    matters, and (3) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

8    A); provided, however, that these party employees shall have access to "CONFIDENTIAL"

9    information solely for the purpose of processing such materials for inclusion in databases for

10    review by other persons to whom access to "CONFIDENTIAL" information is permitted by this

11    Order;

12         (i)     during their depositions, witnesses in the actions to whom disclosure is

13    reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

14    (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of

15    transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

16    separately bound by the court reporter and may not be disclosed to anyone except as permitted

17    under this Stipulated Protective Order; and

18         (j)     the author or recipient of a document containing the information or a

19    custodian or other person who otherwise possessed or knew the information.

20         7.4    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES</u>

21    <u>ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by

22    the Designating Party, a Receiving Party may disclose any information or item designated

23    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

24         (a)     the Receiving Party's Outside Counsel of Record in these actions, as well

25    as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose

26    the information for the litigation of these matters and who have signed the "Acknowledgment

27    and Agreement to Be Bound" that is attached hereto as Exhibit A;

28

1        (b)    Designated House Counsel of the Receiving Party (1) who has no

2 involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for

3 the litigation of these matters, (3) who has signed the "Acknowledgment and Agreement to Be

4 Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.5(a), below,

5 have been followed;

6        (c)    Designated House Counsel's necessary secretarial, clerical, administrative,

7 or support staff (1) who have no involvement in competitive decision-making, (2) who do not

8 also support persons who are involved in competitive decision-making as to the subjects of the

9 information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

10 ATTORNEYS' EYES ONLY," (3) to whom disclosure is reasonably necessary for the litigation

11 of these matters, and (4) who have signed the Declaration of Compliance (Exhibit A);

12        (d)    Experts of the Receiving Party to whom disclosure is reasonably necessary

13 for the litigation of these matters and who have signed the "Acknowledgment and Agreement to

14 Be Bound" (Exhibit A);

15        (e)    the court and its personnel, including court reporters and their staff;

16        (f)    professional jury or trial consultants to whom disclosure is reasonably

17 necessary for the litigation of these matters and who have signed the "Acknowledgment and

18 Agreement to Be Bound" (Exhibit A);

19        (g)    mock jurors to whom disclosure is reasonably necessary for the litigation

20 of these matters and who have signed either the "Acknowledgment and Agreement to Be Bound"

21 (Exhibit A) or a simplified, precisely tailored Undertaking that the Parties agree in a separate

22 writing to use for mock jurors;

23        (h)    Professional Vendors to whom disclosure is reasonably necessary for the

24 litigation of these matters and who have signed the "Acknowledgment and Agreement to Be

25 Bound" (Exhibit A);

26        (i)    Party employees (1) who have no involvement in competitive decision-

27 making, (2) to whom disclosure is reasonably necessary for the purposes of collecting,

28 producing, scanning, imaging, or databasing Discovery Material for the litigation of these

[PROPOSED] STIPULATED PROTECTIVE ORDER FOR RELATED CASES

1    matters, and (3) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

2    A); provided, however, that these party employees shall have access to "HIGHLY

3    CONFIDENTIAL – ATTORNEYS' EYES ONLY" information solely for the purpose of

4    processing such materials for inclusion in databases for review by other persons to whom access

5    to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is permitted by

6    this Order; and

7             (j)      the author or recipient of a document containing the information or a

8    custodian or other person who otherwise possessed or knew the information.

9             7.5      Procedures for Approving or Objecting to Disclosure of "HIGHLY

10   CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated House

11   Counsel.

12            (a)      Unless otherwise ordered by the court or agreed to in writing by the

13   Designating Party, a Party that seeks to disclose to Designated House Counsel any information

14   or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

15   pursuant to paragraph 7.4(b) first must make a written request to the Designating Party that (1)

16   sets forth the full name of the Designated House Counsel and the city and state of his or her

17   residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable

18   future primary job duties and responsibilities in sufficient detail to determine if he or she is

19   involved, or may become involved, in any competitive decision-making. One such written

20   request pursuant to this paragraph is required per Designated House Counsel.  Unless otherwise

21   agreed to in writing by the Parties, each Party may designate no more than two Designated

22   House Counsel in these actions.

23            (b)      A Party that makes a request and provides the information specified in the

24   preceding respective paragraphs may disclose the subject Protected Material to the identified

25   Designated House Counsel unless, within 14 days of delivering the request, the Party receives a

26   written objection from the Designating Party. Any such objection must set forth in detail the

27   grounds on which it is based.

28

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in these actions as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

[PROPOSED] STIPULATED PROTECTIVE ORDER FOR RELATED CASES

1    (c)    cooperate with respect to all reasonable procedures sought to be pursued

2    by the Designating Party whose Protected Material may be affected.

3    If the Designating Party timely seeks a protective order, the Party served with the

4    subpoena or court order shall not produce any information designated in these actions as

5    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a

6    determination by the court from which the subpoena or order issued, unless the Party has

7    obtained the Designating Party's permission. The Designating Party shall bear the burden and

8    expense of seeking protection in that court of its confidential material – and nothing in these

9    provisions should be construed as authorizing or encouraging a Receiving Party in these actions

10   to disobey a lawful directive from another court.

11   9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED

12   IN THE LITIGATION OF THESE MATTERS

13   (a)    The terms of this Order are applicable to information produced by a Non-

14   Party in these actions and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

15   ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with

16   the litigation of these matters, whether pursuant to subpoena or by agreement, is protected by the

17   remedies and relief provided by this Order. Nothing in these provisions should be construed as

18   prohibiting a Non-Party from seeking additional protections.

19   (b)    In the event that a Party is required, by a valid discovery request, to

20   produce a Non-Party's confidential information in its possession, and the Party is subject to an

21   agreement with the Non-Party not to produce the Non-Party's confidential information, then the

22   Party shall:

23   1.    promptly notify in writing the Requesting Party and the Non-Party

24   that some or all of the information requested is subject to a confidentiality agreement with a

25   Non-Party;

26   2.    promptly provide the Non-Party with a copy of this Stipulated

27   Protective Order, the relevant discovery request(s), and a reasonably specific description of the

28   information requested; and

1                3.      make the information requested available for inspection by the

2  Non-Party.

3                (c)     If the Non-Party fails to object or seek a protective order from this court

4  within 14 days of receiving the notice and accompanying information, the Receiving Party may

5  produce the Non-Party's confidential information responsive to the discovery request. If the

6  Non-Party timely seeks a protective order, the Receiving Party shall not produce any information

7  in its possession or control that is subject to the confidentiality agreement with the Non-Party

8  before a determination by the court. Absent a court order to the contrary, the Non-Party shall

9  bear the burden and expense of seeking protection in this court of its Protected Material.

10        10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

11          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

12  Protected Material to any person or in any circumstance not authorized under this Stipulated

13  Protective Order, the Receiving Party must immediately (a) notify in writing the Designating

14  Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of

15  the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

16  made of all the terms of this Order, and (d) request such person or persons to execute the

17  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

18        11.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>

19  <u>PROTECTED MATERIAL</u>

20          Pursuant to Rule 502 of the Federal Rules of Evidence, the inadvertent disclosure

21  of protected communications or information shall not constitute a waiver of any privilege or

22  other protection (including work product) if the Producing Party took reasonable steps to prevent

23  disclosure and also took reasonable steps to rectify the error in the event of an inadvertent

24  disclosure. The Producing Party will be deemed to have taken reasonable steps to prevent

25  communications or information from inadvertent disclosure if that party utilized either attorney

26  screening, keyword search term screening, advanced analytical software applications and/or

27  linguistic tools in screening for privilege, work product or other protection. In the event of the

28  inadvertent disclosure of protected materials, the Producing Party shall be deemed to have taken

1   reasonable steps to rectify the error of the disclosure if, within thirty (30) days from the date that

2   the inadvertent disclosure was discovered or brought to the attention of the producing party, the

3   Producing Party notifies the Receiving Party of the inadvertent disclosure and instructs the

4   Receiving Party to promptly sequester, return, delete, or destroy all copies of the inadvertently

5   produced communications or information (including any and all work product containing such

6   communications or information). Upon receiving such a request from the Producing Party, the

7   Receiving Party shall promptly sequester, return, delete, or destroy all copies of such

8   inadvertently produced communications or information (including any and all work product

9   containing such communications or information), and shall make no further use of such

10  communications or information (or work product containing such communications or

11  information).

12          If, at any time, the Receiving Party encounters Discovery Material that it believes

13  may be subject to a claim of privilege or other protection (including work product) covered by

14  the terms of this Paragraph, the Receiving Party shall notify the Producing Party in writing,

15  specifically identifying the Discovery Material in question.

16          Nothing herein shall prevent the Receiving Party from challenging the propriety

17  of the attorney-client, work product or other designation of protection.

18      12.   MISCELLANEOUS

19          12.1   Right to Further Relief. Nothing in this Order abridges the right of any

20  person to seek its modification by the court in the future.

21          12.2   Right to Assert Other Objections. By stipulating to the entry of this

22  Protective Order no Party waives any right it otherwise would have to object to disclosing or

23  producing any information or item on any ground not addressed in this Stipulated Protective

24  Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of

25  the material covered by this Protective Order.

26          12.3   Filing Protected Material. Without written permission from the

27  Designating Party or a court order secured after appropriate notice to all interested persons, a

28  Party may not file in the public record in these actions any Protected Material. A Party that seeks

[PROPOSED] STIPULATED PROTECTIVE ORDER FOR RELATED CASES

1 to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected

2 Material may only be filed under seal pursuant to a court order authorizing the sealing of the

3 specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue

4 only upon a request establishing that the Protected Material at issue is privileged, protectable as a

5 trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to

6 file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court,

7 then the Receiving Party may file the Protected Material in the public record pursuant to Civil

8 Local Rule 79-5(e) unless otherwise instructed by the court.

9        13.    <u>FINAL DISPOSITION</u>

10           Within 60 days after the final disposition of these actions, as defined in paragraph

11 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such

12 material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

13 compilations, summaries, and any other format reproducing or capturing any of the Protected

14 Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

15 submit a written certification to the Producing Party (and, if not the same person or entity, to the

16 Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all

17 the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

18 not retained any copies, abstracts, compilations, summaries or any other format reproducing or

19 capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

20 retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

21 legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

22 product, and consultant and expert work product, even if such materials contain Protected

23 Material. Any such archival copies that contain or constitute Protected Material remain subject to

24 this Protective Order as set forth in Section 4 (DURATION).[1]

25

26 _____

27 [1] Holly A. House, counsel for IKON, has obtained the consent of Joseph D. Lee and James A. Hennefer to file this document.

28

[PROPOSED] STIPULATED PROTECTIVE ORDER FOR RELATED CASES

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    DATED:  August 26, 2011

                                    BINGHAM McCUTCHEN LLP
4

5                                   By:_____/s/_____

6                                          Holly A. House
                                    Attorneys for Defendant IKON Office
7                                          Solutions, Inc.

8

9    DATED:  August 26, 2011

10                                  MUNGER TOLLES & OLSON LLP

11                                  By:_____/s/_____

12                                         Joseph D. Lee
                                    Attorneys for Defendant
13                                  General Electric Capital Corporation

14   DATED:  August 26, 2011

15                                  HENNEFER, FINLEY & WOOD, LLP

16

17                                  By:_____/s/_____

18                                         James A. Hennefer
                                    Attorneys for Plaintiffs

19

     IT IS SO ORDERED:
20

21   DATED:____August 29_____, 2011   By:_____
                                           Jeffrey S. White
22                                    United States District Court Judge

23

24

25

26

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER FOR RELATED CASES

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

1   I, _____ [print or type full name],

2   of _____ [print or type full address],

3   declare under penalty of perjury that I have read in its entirety and understand the Stipulated

4   Protective Order that was issued by the United States District Court for the Northern District of

5   California on _____ [date] in the related cases of *Newcal Industries, Inc., et al. v.*

6   *IKON Office Solutions, Inc. et al.* and *Global Services, LLC, et al. v. IKON Office Solutions, Inc.*

7   *et al*. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order

8   and I understand and acknowledge that failure to so comply could expose me to sanctions and

9   punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

10  any information or item that is subject to this Stipulated Protective Order to any person or entity

11  except in strict compliance with the provisions of this Order.

12  I further agree to submit to the jurisdiction of the United States District Court for

13  the Northern District of California for the purpose of enforcing the terms of this Stipulated

14  Protective Order, even if such enforcement proceedings occur after termination of these actions.

15  I hereby appoint _____ [print or type full name] of

16  _____ [print or type full address and telephone number]

17  as my California agent for service of process in connection with these actions or any proceedings

18  related to enforcement of this Stipulated Protective Order.

19

20  Date: _____

21  City and State where sworn and signed: _____

22

23  Printed name: _____
                     [printed name]

24  Signature: _____
                   [signature]

---

21                                                        Case Nos. 04-2776-JSW & 10-5974-JSW