| | |
|---|---|
| BINGHAM MCCUTCHEN LLP<br>HOLLY A. HOUSE (SBN 136045)<br>holly.house@bingham.com<br>BRIAN C. ROCCA (SBN 221576)<br>brian.rocca@bingham.com<br>Three Embarcadero Center<br>San Francisco, CA 94111-4067<br>Telephone: 415.393.2000<br>GREGORY F. WELLS (SBN 212419)<br>gregory.wells@bingham.com<br>2020 K Street, NW<br>Washington, DC 20006-1806<br>Telephone: 202.373.6000<br><br>Attorneys for Defendant<br>IKON Office Solutions, Inc.<br><br>HENNEFER, FINLEY & WOOD, LLP<br>JAMES A. HENNEFER (SBN 059490)<br>jhennefer@hennefer-wood.com<br>425 California Street, 19th Floor<br>San Francisco, CA 94104<br>Telephone: 415.421.6100<br><br>Attorneys for Plaintiffs | MUNGER, TOLLES & OLSON LLP<br>JOSEPH D. LEE (SBN 110840)<br>joseph.lee@mto.com<br>355 South Grand Avenue. 35th Fl.<br>Los Angeles, CA 90071-1560<br>Telephone: 213.683.9100<br>HOJOON HWANG (SBN 184950)<br>hojoon.hwang@mto.com<br>560 Mission Street, 27th Fl.<br>San Francisco, CA 94105-9781<br>Telephone: 415.512.4000<br><br>Attorneys for Defendant<br>General Electric Capital Corporation<br><br>BLECHER & COLLINS, LLP<br>MAXWELL M. BLECHER (SBN 026202)<br>mblecher@blechercollins.com<br>DONALD PEPPERMAN (SBN 109809)<br>dpepperman@blechercollins.com<br>515 S. Figueroa, Suite 1750<br>Los Angeles, CA 90071<br>Telephone: 213.622.4222<br><br>Attorneys for Plaintiffs |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEWCAL INDUSTRIES, INC., *et al.*,<br><br>      Plaintiffs,<br><br>  v.<br><br>IKON OFFICE SOLUTIONS, INC., *et al.*,<br><br>      Defendants. | Civil No. 04-2776 JSW |
| GLOBAL SERVICES, LLC, *et al.*,<br><br>      Plaintiffs,<br><br>  v.<br><br>IKON OFFICE SOLUTIONS, INC., *et al*,<br><br>      Defendants. | Civil No. 10-5974 JSW<br><br>[~~PROPOSED~~] **STIPULATION AND PROTECTIVE ORDER REGARDING EXPERT DISCOVERY FOR RELATED CASES**<br><br>Judge: Hon. Jeffrey S. White |

1  In order to avoid consuming the parties' and the Court's time and resources on potential discovery issues relating to experts, plaintiffs Newcal Industries, Inc., CPO, Ltd., Pinnacle Document Systems, Inc., Pacific Office Automation, Inc. and Kearns Business Solutions, Inc. (collectively the "Newcal Plaintiffs"), plaintiffs Global Services, LLC, Simile Imaging Solutions, Wood Business Systems, New England Copy Specialists, Inc., Ray Morgan Company, Documation of Austin, Inc., Documation of East Texas, Inc., Documation of North Texas, Inc., Documation of San Antonio, Inc., Copytex, Inc., and ASI Business Solutions, Ltd. (collectively, "Global Services Plaintiffs") and defendants IKON Office Solutions, Inc. ("IKON") and General Electric Capital Corporation ("GECC") d/b/a IKON Financial Services (collectively, "Defendants" and, together with Newcal Plaintiffs and Global Services Plaintiffs, the "Parties") have agreed to certain limitations on the scope of expert-related discovery. Subject to the Court's approval, the Parties hereby stipulate to the following Stipulation and Protective Order Regarding Expert Discovery ("Expert Discovery Stipulation").

    1.  Rule 26(b)(4), Fed. R. Civ. P., including amendments that became effective on December 1, 2010, shall govern the scope of expert discovery in both *Newcal Industries, Inc. v. IKON Office Solutions, Inc.*, No. 04-2776 JSW and in the related case of *Global Services, LLC v. IKON Office Solutions, Inc.*, No. 10-5974 JSW.

    2.  In addition to the protections set forth in Rule 26(b)(4), Rules 26(b)(3)(A) and (B), Fed. R. Civ. P., shall protect the following:

        a.  Communications (regardless of their form) between any witness required to provide a report under Rule 26(a)(2)(B) (the "Expert") and the Expert's assistants or staff, other experts, or non-testifying expert consultants, except to the extent that the communications: (i) relate to compensation for the Expert's study or testimony; (ii) identify facts or data that were provided to the Expert and that the Expert considered in forming the opinions to be expressed in these matters; or (iii) identify assumptions that were provided to the Expert and that the Expert relied on in forming the opinions to be expressed in these matters; and

        b.  Notes, memoranda, and writings taken or prepared by the Expert in connection with these matters, except to the extent that they: (i) relate to compensation for the

1  Expert's study or testimony; (ii) identify facts or data that the Party's attorney provided and that
2  the Expert considered in forming the opinions to be expressed in these matters; or (iii) identify
3  assumptions that the Party's attorney provided and that the Expert relied on in forming the
4  opinions to be expressed in these matters; or

5             c.      Preliminary, intermediate or draft materials (including, but not limited to,
6  draft reports, draft studies, draft work papers; preliminary or intermediate calculations,
7  computations or data runs) prepared by, for or at the direction of the Expert; provided, however,
8  that any documents, data or materials relied on by the Expert or customized computer programs
9  used to generate final results relied on by the Expert shall be subject to discovery and shall be
10 produced.

11      3.      In addition to the limitations on discovery set forth in Paragraphs 1 and 2 above,
12 the Parties agree that any data or information that may have been considered by the Expert but
13 was not relied on by the Expert in forming his or her opinions in these matters need not be
14 disclosed or produced. Nothing in Paragraphs 1, 2, or 3, however, shall be construed to prevent
15 substantive deposition questions with respect to any non-privileged data or information that may
16 be relevant to the substance of the Expert's opinions, including, but not limited to, alternative
17 theories, methodologies, variables, or assumptions that the Expert may have considered in
18 formulating his or her opinions or in preparing his or her report.

19      4.      The Parties agree that no Party may discover or permit testimony about facts
20 known, opinions held or documents prepared, collected or considered by a non-testifying expert
21 or consultant, unless they were provided to and considered by the testifying Expert in forming
22 his or her opinions in these matters.

23      5.      Neither the terms of this Expert Discovery Stipulation nor the Parties' agreement
24 to them implies that any of the information restricted from discovery in this stipulation would
25 otherwise be discoverable.

26 //
27 //
28 //

6. The Parties agree to comply with this Expert Discovery Stipulation pending the Court's approval and entry of this order.[1]

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:

DATED: August 26, 2011

BINGHAM McCUTCHEN LLP

By: /s/
Holly A. House
Attorneys for Defendant
IKON Office Solutions, Inc.

DATED: August 26, 2011

MUNGER TOLLES & OLSON LLP

By: /s/
Joseph D. Lee
Attorneys for Defendant
General Electric Capital Corporation

DATED: August 26, 2011

HENNEFER, FINLEY & WOOD, LLP

By: /s/
James A. Hennefer
Attorneys for Plaintiffs

IT IS SO ORDERED:

DATED: August 29, 2011

By: /s/ Jeffrey S. White
Jeffrey S. White
United States District Court Judge

---

[1] Holly A. House, counsel for IKON, has obtained the consent of Joseph D. Lee and James A. Hennefer to file this document.