UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| NEWCAL INDUSTRIES, INC., *et al.*, | No. C 04-02776 JSW (LB) |
| Plaintiffs, | [ECF No. 164] |
| v. | |
| IKON OFFICE SOLUTIONS, INC., *et al.*, | |
| Defendants. | |
| _____/ | |
| GLOBAL SERVICES, LLC, *et al.*, | No. C 10-05974 JSW (LB) |
| Plaintiffs, | [ECF No. 87] |
| v. | |
| IKON OFFICE SOLUTIONS, INC., *et al.*, | ORDER RE: MAY 18, 2012 JOINT DISCOVERY LETTER BRIEF |
| Defendants. | |
| _____/ | |

**I. INTRODUCTION**

In these related antitrust disputes, Plaintiffs are sixteen copier dealers who allege that Defendants Ikon Office Solutions, Inc. ("IKON") and General Electric Capital Corporation ("GE") excluded them from competition for IKON customers by tricking those customers into unwittingly extending the terms of their copier leases. 5/18/2012 Joint Letter Brief, ECF No. 87 at 1.[1] Plaintiffs argue that

---

[1] Citations are to the Electronic Case File ("ECF") in Case No. 04-02776 with pin cites to the electronic page numbers at the top of the document, not the page numbers at the bottom.

ORDER  C 04-02776 JSW (LB), C 10-05974 JSW (LB)

the lease extensions forced them to pay more to "buy out" the remaining term of the extended lease agreements.[2] *Id.* Defendants seek to compel each Plaintiff to supplement its response to an Interrogatory that seeks information detailing these buyout payments. Plaintiffs oppose this request and argue that their responses will be sufficient if they supplement them with information they have already agreed to provide. The court held a hearing on June 28, 2012, and for the reasons discussed below, GRANTS IN PART and DENIES IN PART Defendants' Motion to Compel.

## II. FACTS

The district court referred the parties in both related cases to this court for resolution of discovery disputes. *See* Case No. C 04-02776 JSW (LB), ECF No. 143; Case No. C 10-05974 JSW (LB), ECF No. 67. On May 18, 2012, pursuant to this court's standing order, the parties filed a joint letter brief to resolve a discovery dispute. 5/18/2012 Joint Letter Brief, ECF No. 87.

In order to assess the allegations against them, Defendants served their Interrogatory No. 3, which states:

> "Identify the customer, date, and amount of every payment that YOU made to buyout or effect the termination of any contract or agreement for COPIER EQUIPMENT or COPIER SERVICE entered into by a competitor of YOURS."

*Id.* at 1. Except as discussed below, Plaintiffs' responses were substantively identical to one another. *See id.* Exs. 1-16, ECF Nos. 87-1 – 87-16.[3] Each Plaintiff explained that it made buyout payments "basically in two ways: (1) Plaintiff . . . would make payments directly to the entity whose contract or agreement was being terminated; and/or (2) plaintiff . . . would make payments to or credit the customer buying out the contract so that the customer would make payments to the entity whose contract or agreement was being terminated." *Id.* at 3-4.

Instead of directly answering Defendants' Interrogatory, each Plaintiff elected to produce responsive business records under Federal Rule of Civil Procedure 33(d). The Plaintiffs stated that

---

[2] The court refers to these as "buyouts" or "buyout payments."

[3] Where the parties' interrogatory responses are identical, the court will provide pin cites only to NewCal Industries, Inc.'s Interrogatory Responses. 5/18/2012 Joint Letter Brief Ex. 1, ECF No. 87-1.

these business records either consisted of or contained:

> (a) actual Copier Equipment lease, sale and service customers of [Plaintiff] (including the pricing and terms of the lease, sale and service); and
>
> (b) accounts payable and receivable reflecting payments to entities whose contracts were being bought out (usually Copier Equipment leasing companies) or to customers.

ECF No. 87-1 at 10. Plaintiffs stated that "Defendants can compile from these business records buyouts made directly and credits given to non-IKON/IOS/GE entities to terminate their contracts or agreements with [Plaintiff's] customers or to [Plaintiff's] agreements." *Id.* (emphasis added). Five of the Plaintiffs provided no further Interrogatory Response.[4] The remaining eleven Plaintiffs added:

> As to payments to terminate IKON/IOS/GE contracts, [Plaintiff] responds to this interrogatory by providing, as Exhibit A to these responses, those compilations and summaries which exist from [Plaintiff's] business records showing such payments.

ECF No. 87-1 at 10 (emphasis added). Defendants refer to these reports as "Exhibit A's," a label the court adopts for purposes of this Order. The "Exhibit A's" generally consist of spreadsheets documenting, in varying degrees of specificity, payments that the Plaintiff made.[5] Some of the spreadsheets indicate clearly that they contain information related to buyouts. For example, NewCal Industries' Exhibit A, includes fields titled: "Customer/Contact Info," "Buyout Demand," Buyout Date," "Amt. To Ikon," "Amt. To Customer," and "Ikon Contract #." In contrast, the Exhibit A submitted by New England Copy Specialists, Inc. is titled "Account Distribution Audit Report," and contains fields providing the vendor name, invoice date, check date, and amount, but does not indicate whether the transactions recorded represent buyout payments. Plaintiffs served their interrogatory responses on various dates in November, 2011. *See e.g.,* ECF No. 87-3 at 13 (11/28/2011); ECF No. 87-13 at 13 (11/10/2011). After meeting and conferring in person on

---

[4] The five Plaintiffs are Kearns Business Solutions, Inc., Global Services, LLC, Simile Imaging Solutions, Wood Business Systems, and ASI Business Solutions, Ltd. *See* ECF Nos. 87-5, 87-6, 87-7, 87-8, & 87-16.

[5] Because Plaintiffs designated the "Exhibit A's" as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," Defendants submitted excerpts from the Exhibit A's for *in camera* review.

January 26 and April 23, 2012, the parties were unable reach agreement regarding Defendants' Interrogatory No. 3, and their joint letter brief followed.

## III. LEGAL STANDARDS

Where, as here, the party answering an interrogatory is a corporation, the interrogatory must be answered "by any officer or agent, who must furnish the information available to the party." Fed. R. Civ. P. 33(b)(1)(B). In limited circumstances, the Federal Rules of Civil Procedure permit a party to respond to an interrogatory by referring to specific business records. Rule 33(d) provides:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d). The parties' dispute centers on the Rule 33(d)'s reference to the relative burdens of deriving or ascertaining an answer, and the sufficiency of the specification required in Rule 33(d)(1).

## IV. DISCUSSION

The parties do not dispute that Plaintiffs need to supplement their responses to Interrogatory No. 3. In the letter, Plaintiffs suggest that the court should rule that they must supplement their responses "with the most specific report or reports they can produce reflecting payments for "buy-outs" and that if defendants want further detail, customer by customer, plaintiffs must make available to defendants . . . the individual customer files for customers that were the subject of buyouts." ECF No. 87 at 5. Defendants ask the court to compel each Plaintiff to provide an amended response identifying "all buyout payments made to win customer accounts from July 12, 2000 through the present, excluding those payments Plaintiffs made to retain their own customers, . . . [and] identify[ing] the competitor to whom these buyouts were paid where this information is available. *Id.* at 3. Thus, the question for the court is not whether, but how extensively, Plaintiffs must supplement their responses to Interrogatory No. 3.

ORDER  C 04-02776 JSW (LB), C 10-05974 JSW (LB)  4

At oral argument, the parties made progress in resolving their discovery dispute. Plaintiffs' counsel agreed on the record – and the court ORDERS – that all Plaintiffs will produce the best electronic data that they have available that is responsive to Interrogatory No. 3. Plaintiffs are willing to produce the data in an industry-standard format (like an Excel or Access format). That production shall happen no later than July 13, 2012 (and preferably sooner, given the June 30 deadline that expired already).

At oral argument, Plaintiffs' counsel also agreed that Plaintiffs would produce reports that are fully responsive to Defendants' Interrogatory No. 3 based upon the best electronic data they have available, and as agreed at the hearing, the court ORDERS it. In order to prevent future discovery disputes, the court further ORDERS that Plaintiffs' reports must meet the following criteria.

Based on the best available electronic data:

- The reports should include all buyouts from July 12, 2000 through the present (and Plaintiffs agreed to update the information);
- To the extent the reports include non-responsive information, they should allow Defendants to differentiate between responsive and non-responsive information; and
- To the extent the reports include payments for purposes other than buyouts, the reports should indicate which payments were for buyouts.

For each buyout, Plaintiffs' report should identify:

- The name of the customer (regardless of whether a credit or payment was made directly to the customer of to the entity whose contract or agreement was being terminated);
- The date of payment; and
- The amount of payment.

The court observes that the plain language of Interrogatory No. 3 does not seem to require Plaintiffs to identify the specific competitor that received a particular payment. Thus, the court will not order Plaintiffs to identify the specific competitor that received a particular payment or distinguish between payments to the various GE entities. If, however, the parties possess additional information that brings the competitors' identities within the scope of this interrogatory, the court expects Plaintiffs' reports to identify the competitors.

At oral argument, Plaintiffs' counsel reiterated his concern that some of the Plaintiffs did not begin tracking their buyout payments electronically until sometime during the damages period. Plaintiffs stated that without electronic records, the information required to answer Interrogatory No. 3 would be located only in Plaintiffs' individual customer files.

As discussed at the hearing, Plaintiffs will start with their best electronic evidence. Also, should Plaintiffs have concerns that their electronic evidence does not contain all responsive information, the parties shall meet and confer with their IT experts to identify the limitations of the data and the most expedient way of generating the robust databases that all parties need. The court expects cooperation and collaboration to minimize costs.

Still, the court observes the relative burdens of compiling responsive answers from these customer files is one of the main disputes in the parties' Joint Discovery Letter Brief, and it may remain an issue. ECF No. 87. Defendants argue that it would be "substantially more onerous" for them to review Plaintiffs' records to identify buyout payments than it would be for the Plaintiffs. *Id.* at 2-3. "Plaintiffs know the organization and content of their own business records better than defendants and Plaintiffs also know their buyouts from experience." *Id.* at 3 (citing *Fresenius Medical Care Holding Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 651 (N.D. Cal. 2004) (requiring party to answer interrogatory without reference to Rule 33(d) because that party had access to employees who created the documents and could interview them at will)). Defendants bolster their characterization by citing deposition testimony to the effect that a principal of one plaintiff maintained his own file on buyouts. *Id.*

In response, Plaintiffs state that the information required to answer Interrogatory No. 3 is contained in Plaintiffs' individual customer files and that "the burden of reviewing these individual customer files of the customers for whom buy-outs were made is the same for defendants as for plaintiffs." *Id.* at 5. But Plaintiffs provide no support for this assertion (even to the number of files as issue). The court is unable to weigh the relative burdens of reviewing these customer files based upon the limited record. The parties should try to work this as they go along (as described above).

**IT IS SO ORDERED.**

Dated: July 5, 2012

_____
LAUREL BEELER
United States Magistrate Judge